### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

FILED

TPI HOLDINGS, INC. and DOMINION )
ENTERPRISES,                     )
                                 )
            Plaintiffs,          )
                                 )
v.                               )   Civil Action No.
                                 )
DYNAMIC FINE DESIGNS, INC.,      )
                                 )
            Defendant.           )
_____  )

2009 JAN -2  P 3: 21

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

### COMPLAINT

Plaintiffs TPI Holdings, Inc. and Dominion Enterprises state their complaint against

Dynamic Fine Designs, Inc. as follows:

#### Nature of the Action

1.      This is an action for cybersquatting, trademark infringement, and unfair

competition arising under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051-

1127.

#### Parties, Jurisdiction, and Venue

2.      Plaintiff TPI Holdings, Inc. ("TPI Holdings") is a corporation organized under the

laws of the State of Delaware with its principal place of business located in Atlanta, Georgia.

TPI Holdings is the owner of the trademarks and registrations at issue in this lawsuit.

3.      Plaintiff Dominion Enterprises ("Dominion") is a partnership organized under the

laws of Virginia, with its principal place of business located in this District, in Norfolk, Virginia.

Dominion is an affiliate of TPI, the licensee of the trademarks at issue in this suit and the

registrant of the domain names consisting of the marks at issue.  TPI, Dominion, and their predecessors and affiliates, are collectively hereinafter referred to as "TPI" or "Plaintiffs."

4.      Defendant Dynamic Fine Designs, Inc. ("Defendant") is a corporation organized under the laws of New York with its principal place of business in New York.  Defendant is the owner of the infringing domain name at issue, which Defendant is using in connection with conducting infringing activities in this District, as well as throughout the United States.

5.      This Court has jurisdiction over this matter under 28 U.S.C. §1331 because it arises under federal law, and venue is proper in this District pursuant to 28 U.S. § 1391 and 15 U.S.C. § 1125 (d)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## FACTUAL BACKGROUND

### TPI's Trademark and Service Mark Rights

6.      For more than thirty (30) years, TPI has adopted and used a family of trademarks using the term "TRADER" together with a vehicle term, such as "RV" or "AUTO" (the "TRADER Marks").

7.      From the beginning, TPI used the TRADER family of marks in connection with a number of different print publications offering classified advertising respecting different types of vehicles distributed throughout the United States.  In the last ten years, in addition to the print publications, TPI has also offered classified advertising online in connection with the TRADER Marks.

8.      TPI initiated use of TRADER formative marks in 1974, when it first began using AUTO TRADER in connection with print publications providing advertising and information about automobiles and services related to them.  A true and correct copy of the front cover of an

2

AUTO TRADER magazine is attached as **Exhibit A**. In 1976, TPI added BOAT TRADER magazines and in 1978, CYCLE TRADER and AERO TRADER magazines, to its publications.

9.    Over the years since then, TPI has adopted more than 20 additional TRADER formative marks, including the marks RV TRADER, and RV TRADERONLINE.COM.

10.    TPI first used the RV TRADER mark at least as early as March 30, 1989 and has used the RV TRADER mark continuously since that time in connection with print publications, distributed throughout the United States, that provide advertising and information about recreational vehicles ("RVs") and goods and services related to them. A true and correct copy of the front cover of an RV TRADER magazine is attached as **Exhibit B**.

11.    Beginning in 1996, TPI began using the TRADER ONLINE mark to provide advertising and information about vehicles and goods and services related to them via an online electronic communications network, featuring its offerings under the mark at its <traderonline.com> website.    A true and correct print-out of the homepage for the <traderonline.com> website is attached as **Exhibit C**.

12.    TPI has used the RV TRADERONLINE.COM mark continuously in connection with a website at <www.rvtraderonline.com> since at least as early as January 31, 2001. A true and correct print-out of the homepage for the <rvtraderonline.com> website is attached as **Exhibit D**.

13.    In addition to the RV TRADERONLINE.COM mark,  TPI has featured its TRADER offerings on the Internet at multiple sites utilizing the TRADERONLINE.COM formative   domain   names   and   marks,   including      <BOATTRADERONLINE.COM>, <COMMERCIALTRUCKTRADERONLINE.COM>, and <AEROTRADERONLINE.COM> among others. True and correct print-outs of the homepages for the sites reached through these

3

domain names are attached as **Exhibit E**.  True and correct print-outs of the records from the

WHOIS database showing Dominion as owner of these domain names are attached as **Exhibit F**.

Hereinafter all of TPI's marks based on the TRADER formative marks, including the TRADER

ONLINE marks, shall be collectively referred to as the "TRADER Marks."

14.     TPI is the owner of multiple federal registrations for its TRADER Marks,

including the following:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| RV TRADERONLINE.COM | 2876679 | 08/24/2004 |
| RV TRADER | 2294239 | 11/23/1999 |
| RV TRADER | 1822663 | 02/22/1994 |
| TRADER ONLINE | 2302312 | 12/21/1999 |
| BOAT TRADERONLINE.COM | 2873930 | 08/17/2004 |
| TRUCK TRADERONLINE.COM | 2871209 | 08/10/2004 |
| AERO TRADERONLINE.COM | 2873918 | 08/17/2004 |
| COLLECTOR CAR TRADERONLINE.COM | 2873929 | 08/17/2004 |
| YACHT TRADERONLINE.COM | 3173201 | 11/21/2006 |
| ATV TRADERONLINE.COM | 2868892 | 08/03/2004 |
| SAILBOATTRADERONLINE.COM | 3208475 | 02/13/2007 |
| TRADERONLINE.COM | 3161680 | 10/24/2006 |
| AUTO TRADER | 2390815 | 10/03/2000 |
| AUTO TRADER | 1247037 | 08/02/1983 |
| AUTOTRADER.COM | 2381590 | 08/29/2000 |
| BOAT TRADER | 2389118 | 09/26/2000 |
| BOAT TRADER | 1208249 | 09/14/1982 |
| TRUCK TRADER | 2817176 | 02/24/2004 |
| CYCLE TRADER | 2294240 | 11/23/1999 |
| CYCLE TRADER | 1627016 | 12/11/1990 |
| AERO TRADER | 2288805 | 10/26/1999 |
| AERO TRADER | 1623632 | 11/20/1990 |
| BARGAIN TRADERONLINE.COM | 2901427 | 11/09/2004 |
| TRUCK TRADERONLINE.COM | 2871209 | 08/10/2004 |

True and correct copies of print-outs from the U.S. Patent and Trademark Office online database

showing these registrations are attached as **Exhibit G**.  All of these registrations constitute prima

facie evidence, and those that are incontestable constitute conclusive evidence, of TPI's

US2008 485306 4

exclusive right to use the marks in connection with the goods and services specified in the registrations.

15.    Since it first began using its TRADER marks, TPI has invested more than thirty years of continuous and substantial corporate efforts and millions of dollars to strengthen and promote the reliability of goods and services provided under, and identified by, its family of TRADER Marks, distributing hundreds of millions of magazines through tens of thousands of outlets.  Its online sites operated under the TRADER marks have carried millions of ads and attract hundreds of millions of visitors annually.

16.    In short, as a result of TPI's substantial and continuous use and marketing of its TRADER Marks, the marks have become extremely well known to the public as exclusive source identifiers of TPI' s high quality reliable services.  The public has come to expect that marks used in connection with online advertising related to vehicles and that consist of the TRADER formative coupled with a vehicle term are associated or affiliated with, or authorized by, TPI.

<u>INFRINGING DOMAIN NAME</u>

17.    Long after TPI's marks had become well known as source identifiers for TPI's vehicle advertising services, and after TPI had begun offering its services online in connection with the TRADER and TRADERONLINE marks generally, and the RV TRADER and RV TRADERONLINE.COM marks specifically, in 2008, Defendant registered the <online-rvtrader.com> domain name (the "Infringing Domain Name") with Rikhav Infotech Pvt. Ltd.  A true and correct copy of the WHOIS database information showing Defendant as registrant is attached as **Exhibit H.**

5

18.    The Infringing Domain Name is confusingly similar to Plaintiffs' TRADER marks and particularly the RV TRADERONLINE.COM mark, differing only from Plaintiffs' mark in the placement of the "online" component.

19.    Defendant registered the Infringing Domain Name with the intent of developing a website intended to trade on the goodwill of the TRADER Marks and designed intentionally to attempt to attract for commercial gain Internet users to Defendant's site by creating a likelihood of confusion with TPI's RV TRADER and RV TRADERONLINE marks, as to source, sponsorship, affiliation, or endorsement of the Infringing Domain Name.  After registering the domain name, Defendant began operating such a website.

20.    It is clear from the site homepages associated with the Infringing Domain Name, that the term "ONLINE-RVTRADER" is being used  as a trademark and not in any fair use sense simply to describe Defendant's offerings.  Indeed, the website does not function as a "trader" of recreational vehicles, but rather a publisher of advertisements, and thus could not use the term "trader" to describe its business.

21.    Defendant is using the Infringing Domain Name for a website that in part prominently features links to websites that provide vehicle listings in direct competition with TPI.  Defendant is thus using the website for the purpose of obtaining "click-through" advertising revenue, gained whenever a visitor to Defendant's website clicks on any of the links provided.  When a user clicks on one of the links on the top or right portions of the homepage, he is directed to pages with links to TPI competitors that feature advertisements for recreational vehicles(RVs). Examples of pages from the <online-rvtrader.com> website and linked site pages are attached as **Exhibits I and J.**

6

US2008 485306 4

22.     Defendant also is using the website under the Infringing Domain Name to post ads in direct competition with TPI.  The website also contains sections for searching for RVs using search criteria and for searching RV dealers in particular states.  Searches under these functions yield advertisements for RVs for sale across the United States and specifically in this District.  For example, the site includes a dealer listing for Dixie RV in Newport News, Virginia, and 53 advertisements for recreational vehicles listed for sale by that dealer, as shown in **Exhibit K.**  Advertisements and RV information on certain of Defendant's website pages have been poached in part from TPI's database at <rvtraderonline.com> and, on information and belief, from other listing databases.

23.     Defendant has also copied and posted content from various sources on its "blog" located at <online-rvtrader.com/blog>.  Although the articles are posted by "Admin as RV," identical articles written by RV enthusiasts can be found in various places on the internet.  Excerpts from the blog on <online-rvtrader.com/blog> and corresponding articles authored by other entities are attached as **Exhibit L.**

### COUNT I
### VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

24.     TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 23 as if set forth fully herein.

25.     By registering and using the Infringing Domain Name, Defendant has registered, trafficked in, and used a domain name that is confusingly similar to TPI's TRADER Marks generally, and the RV TRADERONLINE.COM mark specifically.  Upon information and belief, Defendant registered the Infringing Domain Name with the bad faith intent of profiting unlawfully from TPI's TRADER Marks.

7

26. Upon information and belief, Defendant registered and is using the Infringing Domain Name with the intent to divert consumers from TPI's online locations to websites accessible under and via the Infringing Domain Name and with the bad faith intent to profit from Plaintiffs' marks by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the site.

27. Defendant is in fact deriving profit from its use of the Infringing Domain Name and its consequent confusion of internet users because it receives click-through revenues from operation of its site.

28. Defendant's actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d), entitling Plaintiffs to injunctive relief, transfer of the Infringing Domain Name, and statutory damages of $100,000.

## COUNT II
## FEDERAL TRADEMARK AND SERVICE MARK INFRINGEMENT

29. TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 23 as if set forth fully herein.

30. Defendant's unauthorized use of confusingly similar imitations of TPI's registered TRADER Marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that its business and services are affiliated, connected, or associated with TPI or have the sponsorship, endorsement, or approval of TPI, all in violation of 15 U.S.C. § 1114.

31. Defendant's unauthorized use of a confusingly similar imitation of TPI's registered TRADER Marks, notwithstanding its knowledge of TPI's ownership of the TRADER Marks, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of TPI's

8

TRADER Marks and to cause confusion, deception, and mistake in the minds of TPI's customers and potential customers to the great and irreparable injury of TPI. That Defendant has taken material for <online-rvtraders.com> from plaintiff's site, shows that Defendant is intentionally trading on the goodwill of Plaintiffs' marks. Defendant has acted knowingly and has been unjustly enriched thereby. Because of Defendant's intentional bad faith actions, Plaintiffs are entitled to recover their attorneys' fees pursuant to 15 U.S.C. § 1117 in addition to obtaining injunctive relief and damages.

## COUNT III
## FEDERAL UNFAIR COMPETITION

32.    TPI repeats and incorporates by reference the allegations contained in Paragraphs 1 through 23 as if set forth fully herein.

33.    Defendant's use of confusingly similar imitations of TPI's RV TRADERONLINE.COM mark is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Domain Name is affiliated, connected, or associated with TPI or has the sponsorship, endorsement, or approval of TPI, in violation of 15 U.S.C. § 1125(a).

34.    Defendant's unauthorized use of a confusingly similar imitation of TPI's electronic URL address <rvtraderonline.com> is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Domain Name is affiliated, connected, or associated with TPI or  has the sponsorship, endorsement, or approval of TPI, in violation of 15 U.S.C. § 1125(a).

35.    Defendant's actions demonstrate an intentional, willful, and bad faith intent to trade on TPI's goodwill and to cause confusion, deception, and mistake in the minds of TPI's

9

customers and potential customers by implying a nonexistent affiliation or relationship between Defendant and TPI to the great and irreparable injury of TPI.

36.   Because this unfair competition is causing and is likely to cause substantial injury to the public and to TPI, TPI is entitled to recover its reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117, in addition to obtaining injunctive relief and damages.

## PRAYER FOR RELIEF

WHEREFORE, TPI prays:

1.   That Defendant, its partners, agents, employees, and all persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

     (a)    using the Infringing Domain Name and any trademark, company name, or domain name that is confusingly similar to TPI's TRADER Marks;

     (b)    engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's online business, products, or services with or by TPI;

     (c)    otherwise infringing upon TPI's TRADER Marks, or unfairly competing with TPI in any manner whatsoever; and

2.   That Defendant be ordered to transfer and assign to TPI the Infringing Domain Name.

3.   That an accounting be ordered and judgment be rendered against Defendant for all profits received from the sale, rental, or provision of products or services directly or indirectly in connection with, or advertised or promoted in any manner, utilizing the Infringing Domain Name and confusingly similar imitations of TPI's TRADER Marks.

10

4.     That the award of profits resulting from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

5.     That TPI recover its actual damages.

6.     That the award of actual damages from Defendant's infringement, unfair competition, and false designation of origin of products and services be trebled.

7.     That TPI recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000.00 for the Infringing Domain Name.

8.     That Defendant be required to deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business stationary, calling cards, information sheets, posters, signs, and any and all other printed or graphic materials of any type, including the plates, molds, or other means of producing the materials, which bear references to TPI's TRADER Marks, confusingly similar imitations of TPI's TRADER Marks, or to the Infringing Domain Name.

9.     That Defendant be directed to file with the Court and serve on TPI, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10.    That TPI be awarded its costs in connection with this suit, including reasonable attorneys' fees and expenses.

11.    That the Court order the registrar and registry for the Infringing Domain Name to take such actions as may be necessary to effectuate the transfer of the registration for <online-rvtrader.com>.

12.    That TPI have such other and further relief as the Court may deem just and proper.

This the 31st day of December, 2008.

_____
Daniel H. Marti (Virginia Bar No. 46358)
KILPATRICK STOCKTON, LLP
607 14th Street, NW
Washington DC 20005-2018
202-508-5875 (telephone)
202-585-0033 (facsimile)

*Attorney for Plaintiffs*

12